# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/17/2015** at 11:27:04 PM

Clerk of the Superior Court
By Rita Strom, Deputy Clerk

1  Gregory G. Petersen (SBN: 77744)
Greg@Lawnet.com
2  Attorney at Law
21163 Newport Center Drive, Suite 600
3  Newport Coast, CA 92657
Telephone (949) 864-2200
4  Facsimile  (949) 640-8983

5

6  Attorney for Plaintiff Eric Peterson

7

8  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

9

10

| | |
|---|---|
| 11 **ERIC PETERSON,** | Case No.:  30-2015-00820777-CU-OE-CJC |
| 12 Plaintiff, | Judge Deborah Servino |
| 13 vs. | *Unlimited Civil* |
| 14 **CHIEF JAY R. JOHNSON,** individually and in his official capacity, **CHIEF ROBERT LEUMAN,** individually and in his official capacity, , **DAVID KIFF,** individually and in his official capacity as city manager of the city of Newport Beach, **CITY OF NEWPORT BEACH.,** a Municipal Entity of California, **CITY OF SEAL BEACH,** a Municipal Entity of California, **DAVE MCGILL,** individually and in his official capacity, **MARK HAMILTON,** individually and in his official capacity, **JOE CARTWRIGHT,** individually and in his official capacity, and **DOES 1 through 50,** inclusive, | **COMPLAINT FOR DAMAGES:**<br><br>1.  **42 U.S.C. § 1983**<br>2.  **VIOLATION OF FIFTH AMENDMENT**<br>3.  **VIOLATION OF FOURTEENTH AMENDMENT**<br>4.  **VIOLATION OF THE POLICE OFFICERS' BILL OF RIGHTS**<br>5.  **DECLARATORY RELIEF** |
| 23 Defendants. | |
| 24 | **DEMAND FOR JURY TRIAL** |

25

26

27

28

Plaintiff Eric Peterson (hereinafter referred to as "Plaintiff"), alleges as follows:

## VENUE

1.     Venue is proper in the Central District of California because all the Defendants reside in this district and because the events and omissions giving rise to the Plaintiff's claims occurred in this county.

## PARTIES

2.     Plaintiff Eric Peterson at all times mentioned herein, was and is a Citizen of the United States and resides in Orange County, California and was employed as a peace officer by the City of Newport Beach ("City") holding the rank of Sergeant. Plaintiff, at a minimum, held a constitutionally protected property interest in his employment.

3.     Defendant Robert Leuman ("Chief Leuman") acted in the capacity as the Chief of Police for the city of Seal Beach. Said Defendant is sued in his official capacity as Chief of Police and as well as an individual under the State and Federal Claims set forth hereinafter. Defendant acted in violation of established state and federal law, as well as in violation of his obligations to comply with municipal codes, memorandums of understanding and other constraints upon his authority to act. In taking the actions alleged in this complaint, the actions of this defendant were wanton, willful and/or in gross disregard of the law. Additionally, said defendant conspired with, as well as aided and abetted each and the other defendants herein to violate the rights, privileges, and immunities established by law such as to justify an award of damages set forth by constitution, statute, rules, regulations, policies, practices, procedures, custom, or usages. Said actions were taken contrary to clearly established law vitiating any claim of qualified immunity or "good faith." Additionally, each of the foregoing actions were taken to aid and abet the wrongful conduct of the named and unnamed coconspirators and/or parties. Defendant Chief Leuman is a resident of the State of California, and was/is an employee, agent, and representative of the City of Seal Beach. At all times relevant hereto, said defendant was acting within the course and scope of his employment as well as his individual capacity. The wrongful acts described flow from the unlawful exercise of this defendant's authority under color of state law.

6.     Defendant David Kiff ("Kiff") is the city manager for the City of Newport Beach at all times relevant herein.  Said Defendant is sued in his official capacity as the city manager for the city of Newport Beach and as well as an individual under the State and Federal Claims set forth hereinafter.  Defendant acted in violation of established state and federal law, as well as in violation of his obligations to comply with municipal codes, memorandums of understanding and other constraints upon his authority to act.  In taking the actions alleged in this complaint, the actions this defendant were wanton, willful and/or in gross disregard of the law.  Additionally, said defendant conspired with, as well as aided and abetted each and the other defendants herein to violate the rights, privileges, and immunities established by law such as to justify an award of damages set forth by constitution, statute, rules, regulations, policies, practices, procedures, custom, or usages.  Said actions were taken contrary to clearly established law vitiating any claim of qualified immunity or "good faith."     Additionally, each of the foregoing actions were taken to aid and abet the wrongful conduct of the named and unnamed coconspirators and/or parties.  Defendant David Kiff is a resident of the State of California, and was/is an employee, agent, and representative of the City of Newport Beach.  At all times relevant hereto, said defendant was acting within the course and scope of his employment as well as his individual capacity.   The wrongful acts described flow from the unlawful exercise of this defendant's authority under color of state law.

7.     Defendant Jay R. Johnson ("CHIEF JOHNSON") is the Chief of Police for the City of Newport Beach for all times relevant herein. Said Defendant is sued in his official capacity as Chief of Police and as well as an individual under the State and Federal Claims set forth hereinafter.  Defendant acted in violation of established state and federal law, as well as in violation of his obligations to comply with municipal codes, memorandums of understanding and other constraints upon his authority to act.  In taking the actions alleged in this complaint, the actions this defendant were wanton, willful and/or in gross disregard of the law. Additionally, said defendant conspired with, as well as aided and abetted each and the other defendants herein to violate the rights, privileges, and immunities established by law such as to justify an award of damages set forth by constitution, statute, rules, regulations, policies,

COMPLAINT FOR DAMAGES: - 3

practices, procedures, custom, or usages. Said actions were taken contrary to clearly established law vitiating any claim of qualified immunity or "good faith." Additionally, each of the foregoing actions were taken to aid and abet the wrongful conduct of the named and unnamed coconspirators and/or parties. Defendant Chief Johnson is a resident of the State of California, and was/is an employee, agent, and representative of the City of Newport Beach. At all times relevant hereto, said defendant was acting within the course and scope of his employment as well as his individual capacity. The wrongful acts described flow from the unlawful exercise of this defendant's authority under color of state law.

8. Defendant City of Seal Beach is a duly constituted municipal corporation, operating under the laws of the State of California and wholly situated in the County of Orange. As set forth hereinafter Defendant City of Seal Beach operated a jail which was used as a detention facility for both federal and state prisoners.

9. Defendant City of Newport Beach is a duly constituted municipal corporation, operating under the laws of the State of California and wholly situated in the County of Orange. The Newport Beach Police Department ("DEPARTMENT") is an operating department in said City.

10. Defendant Sergeant Mark Hamilton ("Sgt. Hamilton" or "Hamilton") was a sergeant for the City of Newport Beach at all times relevant to this action. Said Defendant is sued in his official capacity as a police sergeant as well as an individual under the State and Federal Claims set forth hereinafter. Defendant acted in violation of established state and federal law, as well as in violation of his obligations to comply with municipal codes, memorandums of understanding and other constraints upon his authority to act. In taking the actions alleged in this complaint, the actions this defendant were wanton, willful and/or in gross disregard of the law. Additionally, said defendant conspired with, as well as aided and abetted each of the other defendants herein to violate the rights, privileges, and immunities established by law such as to justify an award of damages set forth by constitution, statute, rules, regulations, policies, practices, procedures, custom, or usages. Said actions were taken contrary to clearly established law vitiating any claim of qualified immunity or "good faith."

1  Additionally, each of the foregoing actions were taken to conspire with and aid and abet the

2  wrongful conduct of the named and unnamed coconspirators and/or parties.  Defendant

3  Sergeant Mark Hamilton is a resident of the State of California, and was/is an employee, agent,

4  and representative of the City of Newport Beach.  At all times relevant hereto, said defendant

5  was acting within the course and scope of his employment as well as his individual capacity.

6  The wrongful acts described flow from the unlawful exercise of this defendants' authority under

7  color of state law.

8  Said Defendant is sued in his official capacity as sergeant, and as well and equally, as an

9  individual under the State and Federal Claims set forth hereinafter.  Defendant acted in violation

10  of established state and federal law, as well as in violation of his obligations to comply with

11  municipal codes, memorandums of understanding, and other constraints upon his authority to

12  act with a wanton willful and/or gross disregard of the law.  Additionally, said defendant

13  conspired with each and the other defendants herein to violate the rights, privileges, and

14  immunities established by law such as to justify an award of damages set forth by constitution,

15  statute, rules, regulations, policies, practices, procedures, custom, or usages.  Said actions were

16  taken contrary to clearly established law vitiating any claim of qualified immunity or "good

17  faith."  Additionally, each of the foregoing actions were taken to aid and abet the wrongful

18  conduct of the named and unnamed coconspirators and/or parties.  Defendant Hamilton is a

19  resident of the State of California, and was/is an employee, agent, and representative of the City

20  of Newport Beach.  At all times relevant hereto, said defendant was acting within the course and

21  scope of his employment as well as his individual capacity.  The wrongful acts described flow

22  from the very exercise of his authority under color of state law.

23       11.    Defendant Sergeant Joe Cartwright ("Sgt. Cartwright" or "Cartwright") was a

24  sergeant City of Newport Beach at all times relevant to this action.  Said Defendant is sued in

25  his official capacity as sergeant, and as well and equally, as an individual under the State and

26  Federal Claims set forth hereinafter. Defendant acted in violation of established state and

27  federal law, as well as in violation of his obligations to comply with municipal codes,

28  memorandums of understanding, and other constraints upon his authority to act with a wanton,

COMPLAINT FOR DAMAGES: - 5

1  willful and/or gross disregard of the law.  Additionally, said defendant conspired, aided and

2  abetted, each and the other defendants herein to violate the rights, privileges, and immunities

3  established by law such as to justify an award of damages set forth by constitution, statute,

4  rules, regulations, policies, practices, procedures, custom, or usages.  Said actions were taken

5  contrary to clearly established law vitiating any claim of qualified immunity or "good faith."

6  Additionally, each of the foregoing actions were taken to aid and abet and conspire to commit

7  the wrongful conduct of the named and unnamed coconspirators and/or parties.  Defendant

8  Cartwright is a resident of the State of California, and was/is an employee, agent, and

9  representative of the City of Newport Beach.  At all times relevant hereto, said defendant was

10  acting within the course and scope of his employment as well as his individual capacity.  The

11  wrongful acts described flow from the very exercise of his authority under color of state and

12  federal law.

13      12.      Defendant Deputy Chief David McGill ("McGill") was a deputy chief for the

14  City of Newport Beach for the periods relevant to this case. Said Defendant is sued in his

15  official capacity as sergeant, and as well and equally, as an individual under the State and

16  Federal Claims set forth hereinafter.  Defendant acted in violation of established state and

17  federal law, as well as in violation of his obligations to comply with municipal codes,

18  memorandums of understanding and other constraints upon his authority to act with a wanton

19  willful and/or gross disregard of the law.  Additionally, said defendant conspired with each and

20  the other defendants herein to violate the rights, privileges, and immunities established by law,

21  such as to justify an award of damages set forth by constitution, statute, rules, regulations,

22  policies, practices, procedures, custom, or usages.  Said actions were taken contrary to clearly

23  established law vitiating any claim of qualified immunity or "good faith."  Additionally, each of

24  the foregoing actions were taken to aid and abet the wrongful conduct of the named and

25  unnamed coconspirators and/or parties.  Defendant McGill is a resident of the State of

26  California, and was/is an employee, agent, and representative of the City of Newport Beach.  At

27  all times relevant hereto, said defendant was acting within the course and scope of his

28

employment as well as his individual capacity. The wrongful acts described flow from the very exercise of his authority under color of state law.

13.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the foregoing Defendants and DOES 1 through 50, inclusive, were employed by or were agents of the City of Newport Beach or the City of Seal Beach. Plaintiff is informed and believes that DOES 1 through 100, inclusive, are residents of the County of Orange, State of California. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Each Defendant is sued individually and in his/her official capacity as defined in the present complaint. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein. At all times herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant named and unnamed in this complaint.

14.    At all times herein, each and every Defendant was the agent of each and every other Defendant, including the fictitiously named defendants, and was the agent and employee of Defendant city of Newport Beach or Defendant city of Seal Beach, and in doing the things hereinafter alleged, was acting within the course of such agency.

15.    The Defendants herein were subject to an elaborate statutory scheme that affect all aspects of an investigation conducted by a public sector police employer. These statutes require and set forth the manner in which the police department and City may conduct such investigations. Police department conduct concerning any punitive action against a peace officer is regulated by the United States and California Constitutions, state and federal statutory law, and contractual agreements set forth under California law.

Administrative investigations are required by due process to be conducted competently. In the case at bar, the current investigation violated multiple statutes and laws and furthermore,

was conducted in a grossly negligent manner. The law governing the conduct of any peace officer investigations provides a statute of limitations, evidentiary rules and numerous other issues presented in a peace officer's termination. Enacted in 1977, as AB301, it is titled "the Peace Officer Procedural Bills of Rights Act" or more commonly referred to as "POBAR".

16.     In recognition of the defects in the administrative appeal process the legislature made two major changes to California law.   The first major change was granting the Superior Court initial jurisdiction to hear claims of violations of the Act, second was to alter the standard for the issuance of an injunction under the Act; the law now requires the Court to issue an injunction when any violation of the Act is found.  There is a plethora of violations that we now present to this Court for adjudication.  Because the California Constitution and United States Constitutions impose separate legal obligations on the Defendants which are, in many cases, identical to the constitutional protections found in both the state and federal constitutions, this complaint is divided into three parts.  The first is the Peace Officer's Procedural Bill of Rights Acts violations (hereinafter referred to as AB301); the second will be statutory and constitutional violations under federal law; and the third will address other state statutes, regulations, and constitutions.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 16, inclusive.

18.     In 1995, Plaintiff ERIC PETERSON ("PETERSON" or "PLAINTIFF" began his career in law enforcement with the Los Angeles Police Department.  From 1995 to 2001, he worked patrol, narcotics task force, gangs, gang detectives and fugitives.   Peterson received numerous commendations and had an unblemished record.

19.     In 2001, Peterson was hired by Defendant CITY OF NEWPORT BEACH and was initially assigned to the patrol division.  In November of 2002, Plaintiff was transferred to the Narcotics Unit where he worked several assignments including joint state and federal drug task force.

20.     Plaintiff was a stellar employee, who received awards for his excellent service and was often commended and relied upon by Management.  Throughout his entire career as a Newport Beach Police officer, with the exception of the events leading up to and including his termination, he had never been disciplined or otherwise subjected to punitive action as defined by Government Code §§ 3303(g) and 3304 (a).  Plaintiff received many commendations for his narcotics work and ability to utilize confidential and reliable federal informants (CRFIs) to solve complex cases.

21.     Sometime in 2006, an undisclosed special agent of the United States Secret Service, as part of a joint operation task force with the Newport Beach Police Department, introduced Plaintiff to a confidential reliable federal informant[1]. As documented in a Secret Service verification letter, the informant was a verified documented confidential reliable informant of the Secret Service and was held in federal custody (during various times mentioned herein) in various detention centers located throughout California and potentially elsewhere.  The various locations of housing for the informant was at the direction of the federal agents in charge of his well-being.

22.     The Secret Service introduced the CRFI to the Newport Beach Police Department because of information the CRFI had regarding criminal activities within the City's jurisdiction and interest. It is common practice for federal law enforcement to involve local law enforcement in matters that affect the local agency, so that agency can better aid the investigation through familiarity in local locations, interests and laws. Plaintiff was directly introduced to the CRFI because he was the detective assigned to tasks and duties involving undercover and sensitive work of which the CRFI had knowledge of related information.

---

[1]  The informant's name is withheld from these pleadings to protect on-going federal and state investigations. Furthermore, the identity of the informant is withheld to protect the Confidential Reliable Federal Informant ("CRFI") from any form of disclosure that could potentially lead to harm and/or death to said informant in numerous state and/or federal cases.  The peace officers and those who obtained the name and identity of said confidential reliable federal informant are required, under the rules of engagement prescribed by the United States Secret Services (as to informants) not to in any way release that information without express written consent of the Secret Service.  Said rules regulations and obligations are conditions and obligations in a joint federal and state narcotics task force prohibiting the disclosure of said identities of the federal confidential and reliable informant. The identity of said informant is known to all peace officers herein.

COMPLAINT FOR DAMAGES: - 9

1  Plaintiff was the "go to" investigator for Newport Beach Police Department in relation to crimes

2  involving sensitive undercover work. Any and all interaction that the CRFI had with Plaintiff

3  was known to, and approved by Plaintiff's immediate supervisor at the time, Narcotics Sergeant

4  Ron Vallercamp. At no time did Sergeant Vallercamp direct nor order Plaintiff to register the

5  CRFI as a Newport Beach Police informant. Further, at no time during the Newport Beach

6  Police Department's semi-annual audits did any manager above Sergeant Vallercamp's

7  authority direct nor order Plaintiff to register the CRFI as a Newport Beach Police informant.

8      23.     From 2006 through 2008, the CRFI remained in federal custody, but his Federal

9  Agent "handlers" granted the informant special privileges which allowed the informant to

10  communicate with the public. For example, the informant was allowed unregulated phone and

11  internet access because of his ability to obtain valuable information regarding various criminal

12  activities throughout the country and notably, in the city of Newport Beach.  Although some of

13  the information the CRFI provided was not conducive to further investigation, other intelligence

14  often proved reliable and contributed to the successful investigation and arrests of individuals in

15  multiple state and federal criminal investigations, including cases of interest to the Plaintiff's

16  jurisdiction.  As a result, Plaintiff received many commendations from multiple State and

17  Federal agencies for his established involvement in solving such complex cases.

18      24.     In 2008, Plaintiff fulfilled term of service required and was rotated out of the

19  narcotics unit and returned to patrol. As a result of his proven abilities, Chief Jay Johnson

20  (Defendant) promoted Plaintiff to the rank of sergeant, where he supervised field officers,

21  worked as a Watch Commander, and was tasked with the planning and implementation of all

22  major City events. However, in addition to his regular duties, Plaintiff was called upon to assist

23  his former unit, the Narcotics Division, with cases that required his expertise, including utilizing

24  his rapport with the CRFI herein. The CRFI was still providing valuable information and, as

25  routinely done with any incoming intelligence, that information required vetting. Although there

26  were new detectives the CRFI could work with, it is a common known fact among experienced

27  narcotics investigators that previous cases still require follow through even though an officer

28  may no longer be in that position. Further, CRFI' s base much of their willingness to assist law

1    enforcement on how much they trust those they provide information to. There is no dispute that

2    Plaintiff gained the CRFI's trust and established a strong enough rapport that the CRFI

3    preferred to work through Plaintiff over others. Often the CRFI requested Plaintiff's

4    involvement in order to work further with the other investigators. As a result, Plaintiff continued

5    to assist Newport Beach PD narcotics detectives even though his duties were in general

6    operations (patrol).

7        Throughout his police career with Newport Police Plaintiff's record was exemplary. He

8    was an established narcotics expert and known for his ability to work well with CRFIs. It was

9    very common for Plaintiff to be called upon to assist in a variety of investigations due to his

10   reliable network of criminal contacts he utilized to obtain leads on cases. Plaintiff's

11   "relationships" with criminal contacts was known and considered as an investigative resource

12   for the Newport Beach Police Department. At no time was the Plaintiff ever counseled on any

13   concerns the department had regarding his rapport and communications with the CRFI. The

14   department was well aware of Plaintiff's previous work, and upon following the department's

15   own policy requirements of very routine recorded audits of narcotics cases, they clearly had

16   access and monitoring of all of Plaintiff's past narcotics activity records of cases that were

17   initiated by the department.

18       25.    On December 25, 2011 Seal Beach Police officers obtained a criminal search

19   warrant of the CFRI's jail cell. The search of the CRFI's jail cell revealed a copy of an internet

20   produced photograph of the Plaintiff wearing a commemorative 9/11 jersey for a non-profit

21   organization to benefit families of 9/11 victims. Further, Defendant's investigative claim

22   suggested that a hand written note found in the jail cell of the CRFI that had the words "Eric?"

23   written next to a symbol marked "2K". For reasons unknown to Plaintiff, Defendants and all of

24   them, connected the handwritten note to Plaintiff, Newport Beach Police Sergeant Eric

25   Peterson.

26       26.    On July 12, 2012, nearly six-months after the discovery of the claimed

27   questionable material, Seal Beach Police Chief Robert Leuman provided Newport Beach Police

28   Chief Jay Johnson the items that revealed the photograph of Plaintiff in the commemorative

1  jersey, along with a copy of the hand written note. Plaintiff became aware of these events

2  following the investigation due to a report or documented explanation made by Newport Beach

3  Police Sergeant Mark Hamilton.  Hamilton stated in his Internal Affairs Report that the

4  Newport Beach Police became aware of Plaintiff's alleged activities because "Chief Jay

5  Johnson received documents from Seal Beach Police Chief Robert Leuman." and further stated

6  in the report that, "Chief Leuman furnished Chief Johnson with a copy of a handwritten

7  document located during a search warrant." (Sgt. Hamilton's June 7, 2013 Personnel

8  Investigation Report).  At no time during the termination process was Plaintiff provided

9  documented information concerning the exchange of evidence between Defendants Chief

10  Leuman and Chief Johnson.

11      27.    On October 16, 2012, Newport Beach Police Sergeant, Mark Hamilton

12  (Defendant), served Plaintiff a letter of intent to interview concerning the department's

13  personnel investigation surrounding Plaintiff's "association" with the CRFI in question. This

14  was the first of any notice or known concern Plaintiff ever received regarding his previously

15  commended work with the CRFI.

16      28.    Sgt. Hamilton's October 16, 2012 Letter of Intent to Interview the Plaintiff stated

17  that the department was investigating Plaintiff's "association with" the CFRI and "conduct

18  unbecoming an officer."  The notification did not give Plaintiff any specifics of the nature of the

19  investigation and or questioning nor did it provide an explanation as to what was alleged as

20  "conduct unbecoming." The intent of Govt. Code § 3303 (c) is to afford the person interviewed

21  the opportunity to know what is expected of them to recall and accurately report. It is intended

22  to avoid vague notice, but rather, intended to provide proper information to produce an accurate

23  account and fair interview process to all parties involved.  Here, the department provided no

24  specificity as to the allegations brought against plaintiff.

25      29.    On November 1, 2012, at the interview, Plaintiff was asked questions related to

26  events that took place as far back as 2006. Plaintiff was surprised by the questioning and had no

27  idea he was going to be asked to specifically recall dates, number of times, persons, and

28  locations specific to the CRFI, facilities they were at, persons present during each incident,

1  etc…There is an enormous difference between being asked to remember generalities of events

2  specific to a person, and being questioned over and over about specific date, times, amount of

3  times and details of conversations of the events during a time span of five plus years.

4  Investigators took advantage of Plaintiff's inability to recall and utilized the partial statements

5  as "half truths" and grounds to show he was not being forthcoming, and accused Plaintiff of

6  intentionally omitting information.

7         30.     Defendants Hamilton and Cartwright held Plaintiff for three-hours and thirty-five

8  minutes of questioning. At one point, Plaintiff's Legal Defense Fund Attorney, Russel Perry,

9  requested a break so they could rest, and also discuss an attorney –client privilege matter. Sgt.

10  Hamilton refused, continued his questioning and compelled Plaintiff to answer his questions.

11         31.     On May 22, 2013, Sgt. Hamilton approached Eric Peterson at the station in an

12  effort to schedule a second IA interview. Although arrangements were made for June 4, 2013,

13  Sgt. Hamilton failed to provide a second formal notice of intent to interview as required per

14  Govt. Code 3303 (g) and in violation of NBPD policy 340.

15         32.     On June 7, 2013, Defendant Hamilton issued a "summary of complaint" to

16  Defendant Dep. Chief David McGill wherein Defendant Hamilton specifically states that the

17  first notification of any potential wrong doing by Sgt. Eric Peterson was initiated by a letter

18  dated July 12, 2012 from Defendant Chief Robert Leuman to Chief Johnson. The letter

19  discussed, "a photograph of Sergeant Eric Peterson on the internet modeling a football style

20  jersey "in which the caption next to Eric's photo identified him by name and job title.

21         The summary further explains that Chief Leuman became aware of the photograph on

22  December 25, 2011.  The report, however, provided no explanation as to why the photograph

23  had not been reported to NBPD until seven and a half months later.  NBPD has yet to provide

24  the notification from Seal Beach as indicated in the complaint, and has not identified if there

25  was any prior notification to prove an earlier date and obligation to investigate.

26         33.     On September 4, 2013, Newport Beach Police Department Retiree's Association

27  published the following in their monthly newsletter: "We have learned that Sergeant Eric

28  Peterson had been terminated and Sergeant [REDACTED] has been demoted. This may have

resulted from a finding of dishonesty during an investigation." This information is publicly distributed and Sgt. Peterson has now been stigmatized as a result of either managerial or PSU negligence. NBPD Policy Section 340.2 protects an employee's right to confidentiality regarding an internal affairs investigation. This section is clear that only those officials and agents with legitimate business need to know will have disclosure of an employee's investigation. This illegal disclosure of published information violates Plaintiff's property and liberty interests, and as a result deeply compromises his right to due process.

33.     On July 9, 2013, plaintiff was provided a "Notice of Intent to Administer Disciplinary Action". The notice cited only SIX (6) allegations encompassing a total of 29 policy violations to support the intent to terminate. This was the ONLY notice of proposed discipline Eric ever received. Further, it was the only document addressed to Plaintiff that informed him of any proposed discipline. The notice was signed by Dep. Chief David McGill and the contents of the very first paragraph read as follows:

"This Memorandum is notice to you per NBPD Manual Section 340.5 and 340.5.2 of my intention to terminate you from your position as a Sergeant with the City of Newport Beach, effective July 16, 2013. This is only a notice of proposed action. A final decision regarding this proposed action will be made after consideration of any oral or written response the Chief of Police receives from you. You will remain on paid leave through the effective date of termination . . ."

34.     On that same date Plaintiff was also provided a July 9, 2013 document titled, *Summary of Complaint,* by Dep. Chief David McGill to Chief Johnson, in which twenty (20) policy violations were claimed & documented; this was not a report addressed to Plaintiff, but rather an internal summary of the investigation for the Chief's review.

## FIRST CAUSE OF ACTION

### Against all Defendants

(Violations of Peace Officers Procedural Bill of Rights Act (Government Code §§ 3300 et seq.)

35.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 34, inclusive.

36.    The defendants and each of them as heretofore alleged permitted acts which violated provisions of Government Code §§ 3300 et seq. One acting with another, they conspired and aided and abetted the numerous statutory violations set forth hereinafter: 1) the questioners did not disclose to the plaintiff that he  was the subject of an administrative investigation that could result in the position of punitive action; 2) the defendants failed to disclose a complaint of any kind to the plaintiff in any interrogation; 3) the defendants failed to provide copies of any notes or documents concerning the matter prior to the second interrogation; 4) the defendants misled plaintiff as to the nature of the investigation; 5) the defendants improperly coerced plaintiff into meeting with them without counsel; 6) defendants unlawfully threatened and implied that they had a potential criminal investigation that they would not invoke if the plaintiff resigned; 7) plaintiff was not advised of any criminal allegations in any interrogation which was conducted on the record; 8) defendants failed to properly process and comply with the statutory requirements concerning a Citizen's complaint as required by California statutory law, illegally withholding said information from plaintiff.  After the initial, but unlawful interrogation, plaintiff's rights to see the file were denied.  See *Pasadena* decision; and 9) defendants knew or should have known that the Plaintiff was entitled to representation at the time of the hallway interrogation (hereinafter referred to as the "hallway interrogation"), which occurred in the halls of the Newport Beach Department building.

## SECOND CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

(Violation of Newport Beach Rules, Regulations, and Contractual Obligations Set Forth in the Memorandum of Understanding)

37.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 36, inclusive.

38.    Defendants and each of them failed to follow the rules, regulations, and contractual obligations throughout the process they employed leading up to the unlawful termination of the plaintiff.  Defendants knew that the investigation had failed to follow the Department's rules, regulations, policies, and procedures with regard to their failure.

Defendants' knowingly withheld materials and documents required to fulfill their obligations. As a result, Plaintiff was unlawfully terminated from his employment.

## THIRD CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

(Retaliation for Exercising Plaintiff's Right Under Government Code §§ 3300 et seq.)

39.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 38, inclusive.

40.    Defendants misled and intimidated/coerced plaintiff to be alone without counsel in violation of the anti-retaliation provisions of Government Code §§ 3300 et seq.

## FOURTH CAUSE OF ACTION

### Against Defendant Chief Johnson

(Retaliation for Exercising Petition Rights under the First Amendment and Cal. Const.)

41.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 40, inclusive.

42.    The policy and practices of the City of Newport Beach allows for the exercise of First Amendment petition rights with regard to any proposed discipline. Defendant Johnson told Plaintiff that representation by counsel was not necessary and made it clear that picking counsel, such as Mr. Petersen, was not in Plaintiff's best interest. The recommended imposition of discipline by Defendant Johnson was retaliatory as reflected in the inappropriate level of discipline imposed and further, by Johnson's refusal to recognize the statute of limitations.

## FIFTH CAUSE OF ACTION

### Against all Defendants

(Retaliation as to Due Process of Law)

43.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 42, inclusive

44.    The defendants viewed plaintiff as not being a "company player" when he hired counsel. The Chief of Police does not have the authority to terminate plaintiff from his

employment. That decision must be made by the city manager. Due process of law requires that all exculpatory or otherwise reviewed materials be provided to the accused officer in order to prepare for his preremoval safeguards meeting. Defendant Johnson and his subordinates knew or should have known that refusing or failing to provide all materials violates the due process provisions of the United States and California Constitutions. Notwithstanding their knowledge of these facts, the defendants knowingly presented to the city manager, Defendant David Kiff, an incomplete package upon which he was required to decide the current matter. Defendant Kiff, was apprised of that fact and failed to take any action, but instead unlawfully terminated plaintiff. Defendant Kiff also failed to follow his constitutionally required obligations in the preremoval safeguards process and retaliated by the imposition of unfair discipline not justified by the disciplinary policies of the city of Newport Beach.

45.    The Act requires that the employee who is being accused of misconduct is provided an administrative appeal. For this section of the Act to be constitutional due process is required. Due process requires that the person with the authority to recommend the discipline to be imposed conduct what is constitutionally referred to as a preremoval safeguards meeting. By the time of that meeting, the Pasadena decision requires that the officer be provided with all of the materials obtained by the employer during the investigation. That never occurred in this case. The rules and regulations of the City of Newport Beach provide that the City Manager must conduct that meeting where the employee is given an opportunity to review the evidence and dispute the termination by presenting facts that would show reasons not to take the recommended action.

The defendant subordinates to the City Manager failed to provide those materials and thus presented an improper basis for the City manager to consider the termination. The City manager wrongfully upheld the suggested discipline, by Chief Johnson, without investigating further the complaints of the Plaintiff and his counsel considering the administrative appeal process. The employer always carries the burden of proof at all levels of the administrative investigation process. Here, the City manager improperly placed the burden of proof in the preremoval safeguards meeting on the employee. Despite requests to the City manager to investigate further,

1   he did not do so.   Additionally, those requests were made to Chief Johnson which was also met

2   with refusal.

3                              **SIXTH CAUSE OF ACTION**

4                                  Against all Defendants

5              (Failure to produce exculpatory evidence as required by Due Process)

6          46.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the

7   above paragraphs 1 through 45, inclusive.

8          47.     Defendants and each of them had possession of documents and evidence, which if

9   produced, would have aided in the defense of the officer. Those documents and evidence were withheld

10  from Plaintiff in violation of the United States and California Constitutions.

11                            **SEVENTH CAUSE OF ACTION**

12                                 Against all Defendants

13                               (California Right to Privacy)

14         48.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the

15  above paragraphs 1 through 47, inclusive.

16         49.     Defendants and each of them have an obligation to maintain the confidentiality of peace

17  officer personnel files. Defendants violated the Constitutional and statutory right to privacy by

18  disclosing all aspects of plaintiff's discipline and termination to the public and others. Plaintiff has been

19  stigmatized in his profession causing him significant damage insomuch that he is unemployable in

20  any position of responsibility.

21                             **EIGHTH CAUSE OF ACTION**

22      Against all Defendants Except for Defendants City of Seal Beach and Chief Leuman

23                          (First Amendment – Prior Restraint)

24         50.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, the

25  above paragraphs 1 through 49, inclusive.

26         51.     Defendants and each of them repeatedly promulgated and directed orders that the

27  Plaintiff could not discuss any aspects of the investigation with anyone employed by the City of Newport

28

Beach and restrained his right to free speech. This effectively required plaintiff not to investigate the

allegations in his own defense.

### NINTH CAUSE OF ACTION

Against all Defendants Except for Defendants City of Seal Beach and Chief Leuman

(Fourteenth Amendment – Due Process)

52.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above

paragraphs 1 through 51, inclusive.

53.    Defendants and each of them denied plaintiff the opportunity to prepare for his own

defense by prohibiting him from talking to necessary witnesses and failing to remove that order at any

time after it was issued. During the course and scope of the investigation conducted by the

defendants.    Plaintiff was ordered not to discuss any aspects of/or issues related to the

investigation. Said order was in fraud, without limitation and intruded into the plaintiff's right to

provide a defense against the allegations being raised by the defendants. Additionally, said order

was inconsistent with the order that he speak in violations of his right to remain silent under the

California and United States Constitutions.

### TENTH CAUSE OF ACTION

Against all Defendants Except for Defendants City of Seal Beach and Chief Leuman

(Fifth Amendment)

54.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, the above

paragraphs 1 through 53, inclusive.

55.    Defendants and each of them ordered Plaintiff to waive his fifth amendment right to

remain silent in violation of the Fifth Amendment of the United States Constitution.

### PRAYER FOR RELIEF

Wherefore Plaintiff prays:

1.  As to all causes of action such compensatory, consequential, special and or punitive

damages as determined by the trier of fact;

2.  Injunctive relief as allowed by law and specifically required under Govt. Code §
    3309.5;

3.  Such other further relief that the court may deem just and proper; and,

4.  For attorneys fees and costs as allowed by law.

Dated: November 17, 2015                    Respectfully Submitted:

                                            S/ Gregory G. Petersen
                                            _____

                                            Attorney for Plaintiff Eric Peterson

COMPLAINT FOR DAMAGES: - 20

**Exhibit A, Page 22**