# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ERIC PETERSON,

    Plaintiff,

vs.

CHIEF JAY R. JOHNSON, individually and in his official capacity, CHIEF ROBERT LEUMAN, individually and in his official capacity, DAVID KIFF, individually and in his official capacity as city manager of the city of Newport Beach, CITY OF NEWPORT BEACH, a Municipal Entity of California, CITY OF SEAL BEACH, a Municipal Entity of California, DAVE MCGILL, individually and in his official capacity, MARK HAMILTON, individually and in his official capacity, JOE CARTWRIGHT, individually and in his official capacity, and DOES 1 through 50, inclusive,

    Defendants.

Case No. 8:16-cv-00240-AG-JCG

**PROTECTIVE ORDER**

    This protective order shall govern the disclosure of Plaintiff Eric Peterson's treatment records from Amelia Hardwick, Psy. D. (hereinafter collectively the "Protected Documents"), produced in connection with the civil lawsuit entitled Eric Peterson v. Chief Jay Johnson, et al., bearing case number Case No. 8:16-cv-

00240-AG-JCG.

1. All Protected Documents will be clearly designated by plaintiff's counsel prior to the disclosure or production of such Protected Documents, and will bear the notation of "Confidential" on each page provided the notation does not obscure or obliterate the document's contents. All Protected Documents shall be subject to this Protective Order as follows.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this Protective Order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

    a. Counsel of record for the parties to this civil litigation;

    b. Plaintiff Eric Peterson and Defendants the City of Seal Beach (and its employees), Chief Robert Luman, the City of Newport Beach (and its employees), Chief Jay R. Johnson, David Kiff, David McGill, Mark Hamilton, and Joe Cartwright;

    c. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

    d. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4. If the Protected Documents are disclosed to any individuals listed in paragraph 3(b), those individuals shall be provided with a copy of this Protective Order and sign an acknowledgment of its terms. If the Protected Documents are

1 disclosed to any individuals listed in paragraph 3(c), those individuals shall be orally advised of the terms of this Protective Order.

5. The Protected Documents may be disclosed to the Court and court personnel in connection with this litigation. Protected Documents that a party intends to use in support of or in opposition to a pretrial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use information from Protected Documents must both (a) apply to submit unredacted documents containing information from Protected Documents under seal and (b) file public versions of the same documents with the information from Protected Documents redacted.

6. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

7. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter, which include Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

8. Those attending the depositions in this matter shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Documents made by such person during the course of said depositions.

9. The Protected Documents shall be used solely in connection with the preparation and trial of this civil action entitled <u>Eric Peterson v. Chief Jay Johnson, et al.</u>, bearing case number Case No. 8:16-cv-00240-AG-KES, or any related

- 3 -
PROTECTIVE ORDER

appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10. This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time.

11. This Order is made for the purpose of ensuring that the Protected Documents and the information contained therein will remain confidential.

12. At the conclusion of this litigation, upon request of counsel, parties in receipt of the Protected Documents shall return all Protected Documents to plaintiff's counsel of record. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the Protected Documents may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

DATED: August 10, 2017

_____
Honorable Jay C. Gandhi
United States Magistrate Judge